# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

ERIC J. RHETT,

        Plaintiff,

        v.

COMMISSIONER BEATRICE DISMAN, et al.,

        Defendants.

Civil Action No. 02-5539 (JAG)

**OPINION**

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on remand from the United States Court of Appeals for the Third Circuit. On May 22, 2006, this Court, on its own motion to dismiss, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissed this Action for failure to state a claim upon which relief may be granted. The matter is now back before this Court, with direction from the Third Circuit to review Plaintiff's original complaint, and two amended complaints, to determine whether there is a claim upon which relief can be granted. For the reasons stated below, this Court finds that the sole cause of action stated in Plaintiff's trio of complaints is an appeal of the denial of his supplemental Social Security benefits. As to any other allegations made in the complaints, this Court dismisses those allegations, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as to all defendants.

## BACKGROUND

This case is one of five civil actions filed by this pro se Plaintiff since 2002. The other four are Civil Action Nos. 04-2989, 03-950, 03-1196, and 03-5240. Judge Bissell dismissed the 03-1196 case, immediately upon its filing, in March of 2003, for lack of subject matter

jurisdiction. Judge Bissell likewise dismissed the 03-5240 case as frivolous, immediately upon its filing, in November of 2003. Also in 2003, in the 03-950 action, Judge Bissell dismissed the claims against all Defendants, except for one, for lack of subject matter jurisdiction. In 2004, Judge Bissell dismissed the 04-2989 case, shortly after it was filed, for lack of subject matter jurisdiction.

Although no motion to consolidate has ever been granted, Plaintiff has treated the two remaining cases as consolidated, filing most of his papers in the 03-950 action. Plaintiff has filed a multitude of motions, amended complaints, and other papers which are both confusing and incoherent.

In the instant case, Plaintiff filed a complaint on November 19, 2002. No responsive pleading had been filed when Plaintiff filed an amended complaint on June 17, 2005 (the "First Amended Complaint" or "FAC"). Plaintiff attached his original complaint to the FAC. Judge Bissell had granted Plaintiff's in forma pauperis application on March 27, 2003, but the Order had never been filed. This Court granted the application nunc pro tunc on October 21, 2005.

On July 5, 2005, Plaintiff filed a second amended complaint (the "Second Amended Complaint" or "SAC"), without leave of this Court. On May 22, 2006, this Court, sua sponte, dismissed the FAC for failure to state a claim upon which relief can be granted (the "Dismissal Order"). This Court did not address the SAC in the Dismissal Order because it also had been filed without leave.

On June 1, 2006, Plaintiff filed a notice of appeal. On April 26, 2007, the Third Circuit vacated the Dismissal Order and remanded the action to this Court. The Third Circuit "agree[d] that [Plaintiff's FAC] fails to state any cognizable claims," but directed that this Court include in

its search for a cognizable claim "the allegations in the original complaint." Rhett v. Disman, No. 06-2903, 2007 WL 1217981, at *3 (3d Cir. Apr. 26, 2007). Further, the Third Circuit directed that "although the second amended complaint was filed without leave of court," that this Court should consider "whether a request for leave was implicit in that filing [and] examine[] the contents of that complaint when determining whether any further amendment would be futile." Id.

## ANALYSIS

### I. The Original Complaint

Plaintiff's original complaint was filed on September 19, 2002. The sole cognizable cause of action that this Court can discern from the original complaint is an appeal of the final determination denying Plaintiff's request for supplemental Social Security benefits. In the section entitled, "Jurisdiction," Plaintiff states: "[u]nder Section 1631 of the Social Security Act[,] court review can be requested within 60 days of the Administrative Law Judge[']s decision[,] and[/]or 60 days from the Appeals Council[']s decision[,] as granted on 10-25-02." (Compl. 1.) Further, in the section entitled, "Cause of Action," Plaintiff seems to request that this Court "[e]nforce any and all laws . . . that may find plaintiff eligible for Social Security benefits under the Social Security Act." (Compl. 2.) Plaintiff later makes a similar request in the "Demand" section of the original complaint, requesting that this Court "[g]rant . . . his Social Security claim . . . dated back to August 3, 1998." (Id.)

A Social Security applicant, "after any final decision of the Commissioner of Social Security made after a hearing to which [that applicant] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days

after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. 405(g).  In one of Plaintiff's many filings with this Court, there is a notice of a denial of Plaintiff's appeal of an administrative law decision, dated October 25, 2002, from the Appeals Council.  Plaintiff filed the instant action on November 19, 2002, within the sixty days allotted in 42 U.S.C. 405(g).  Thus, Plaintiff has stated a cause of action for an appeal of the October 25, 2002 determination of his supplemental Social Security benefits, and the Commissioner of the Social Security Administration is a proper defendant.

The remainder of Plaintiff's demands appear to be related to his Social Security appeal, specifically discovery-related issues.  For instance, he asks this Court to "vacate all non-examination medical reports, by all non-physical examining departments and physicians . . . ."  (Compl. 2.)  These requests do not state any claim upon which relief may be granted.

**II.     The Second Amended Complaint**

The Third Circuit agreed with this Court's determination in the Dismissal Order that the FAC "fails to state any cognizable claims."  Rhett v. Disman, No. 06-2903, 2007 WL 1217981, at *3 (3d Cir. Apr. 26, 2007).  Thus, this Court will proceed to analyze the SAC for any cognizable claims.

    A.     Leave to File the Second Amended Complaint

The SAC was filed on July 5, 2005, without leave of this Court.  This Court must determine "whether a request for leave was implicit in that filing."  Rhett v. Disman, No. 06-2903, 2007 WL 1217981, at *3 (3d Cir. Apr. 26, 2007).  The Supreme Court of the United States set forth the general standard for whether a plaintiff should be given leave to amend the

complaint:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). In this matter, this Court does not find that Plaintiff acted in bad faith or with dilatory motive. Instead, the difficulty Plaintiff faces is that the additional allegations in the FAC and the SAC attempt to state claims which do not exist. Nevertheless, it does not appear that consideration of the SAC will cause undue prejudice to the opposing parties. Although Plaintiff did not attach his prior two complaints to this amendment, this Court will consider the SAC as an addition to the cumulative FAC, which includes the original complaint.

    B.    <u>Cognizable Claims</u>

The SAC includes as defendants any party remotely connected to Plaintiff's cases. The listed "cause of action" is for "conspiring to commit[] medical fraud [and] prompting and directing medical fraud." (SAC 3.) The section entitled, "Demand," requests 1) penalties against doctors and medical services providers under 20 C.F.R. §§ 498.128 and 498.129; 2) social security benefits retroactive to May 1999; 3) that this Court "take immediate action upon [the Bureau of Administrative Review and Appeals, the Union County Department of Human Services, and the Union County Department of Human Services] declaring regulation N.J.A.C. 10:90-3.22 stays permanently." (SAC 5.)

As noted earlier, Plaintiff's central grievance appears to be the denial of supplemental

Social Security benefits. The additional allegations made in the SAC stem from this initial alleged wrong. In any event, the statement "conspiring to commit[] medical fraud [and] prompting and directing medical fraud," fails, without more, to state a valid claim for relief. Plaintiff does not set forth what acts defendants committed that were fraudulent. Further, this Court lacks jurisdiction to levy penalties against doctors pursuant to administrative rules. Finally, Plaintiff fails to allege *any* acts taken by the state and/or federal welfare agencies listed in the SAC, much less any actions that would give rise to a cause of action.

Under FED. R. CIV. P. 8(a)(2), the short and plain statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The SAC here does not do so. The defendants have not received fair notice of what Plaintiff's claim is and the ground upon which it rests. The SAC does not alter Plaintiff's ability to appeal the final determination of his supplemental Social Security benefits, which is set forth in the original complaint. Thus, the sole defendant against whom Plaintiff has stated a claim upon which relief can be granted is Commissioner Beatrice Disman.

### III.   Any Further Amendment

The remaining allegations in Plaintiff's three complaints fail to state any claims upon which relief can be granted. Thus, this Court, on its own motion, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), will address whether amendment of the complaints would be futile.

The Third Circuit has held that, when dismissing a complaint under § 1915, a district court must allow a plaintiff leave to amend "unless doing so would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). "An amendment is futile if

the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

This Court concludes that further amendment of these complaints would be futile. Plaintiff has already amended the Complaint twice, once without leave of this Court. As set forth in the Dismissal Order, the FAC is contradictory and incoherent: Plaintiff seeks judicial review of the decision of the Commissioner of Social Security connected to medical fraud and corruption and review of eligibility for the "Work First New Jersey" program. This Court knows of no way that medical fraud, the Commissioner of Social Security, and eligibility for the "Work First New Jersey" program may be associated to result in a valid claim.

The SAC alleges fraud and conspiracy to commit fraud. Plaintiff appears to be alleging acts of fraud that occurred during Plaintiff's hearing regarding his supplemental Social Security benefits. Even if this is so, there is no claim for this, separate and apart from his appeal, which this Court will entertain. Further, the SAC contains no allegations of acts that would fail to give rise to a claim of fraud or conspiracy to commit fraud. Any further amendment could not result in a complaint that would survive a motion to dismiss, and so amendment is futile.

## IV. **CONCLUSION**

For the reasons stated above, this Court finds that Plaintiff's Second Amended Complaint is dismissed, and that the claims raised in Plaintiff's First Amended Complaint are dismissed, with the exception of the cause of action against the Commissioner of the Social Security Administration in which Plaintiff appeals the denial of his supplemental Social Security benefits

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: October 23, 2007